UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVIER MARTINEZ,

                Petitioner,

    v.

LOWELL CLARK, et al.,

               Respondents.

C20-780 TSZ

ORDER

    Having reviewed the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (docket no. 8), Petitioner Javier Martinez's objections thereto (docket no. 9), Respondents' response in opposition to those objections (docket no. 10), Petitioner's reply (docket no. 11), and the remaining record, the Court enters the following Order to address Petitioner's objections and to clarify why the doctrine of collateral estoppel does not apply in this case.

**<u>Background</u>**

    Petitioner does not object to the statement of facts and procedural history as summarized in the Report and Recommendation. *See* Objections (docket no. 9 at 2). The Court does not recount that background information here.

ORDER - 1

**Discussion**

    **1.**     **Standard of Review**

This Court reviews de novo the challenged portions of the Report and Recommendation. *See Calderon-Rodriguez v. Wilcox*, 374 F. Supp. 3d 1024, 1026 (W.D. Wash. 2019).

    **2.**     **Collateral Estoppel**

Petitioner argues that the Board of Immigration Appeals ("BIA" or "agency") was collaterally estopped from finding that Petitioner was a "danger to the community" at the bond hearing before an immigration judge in 2019, based on the district courts' earlier rulings that Petitioner did not pose such a danger in 2013. Objections (docket no. 9 at 3). The BIA concluded that it was not bound by the courts' earlier rulings, reasoning that "[c]ollateral estoppel applies only when both the issues and the parties to the proceedings are the same" and that Petitioner's "criminal proceedings did not involve the same parties as his removal proceedings." BIA Decision, Ex. 3 to Reply (docket no. 6-3 at 4). The Magistrate Judge likewise concluded that collateral estoppel did not apply because the proceedings, which involved different due-process requirements and different circumstances, did not decide an "identical" issue. Report and Recommendation (docket no. 8 at 9–10).

Petitioner now argues that the Magistrate Judge "misunderstood" his argument, and he assigns "legal error" to the conclusion that the doctrine is inapplicable on the ground that the Magistrate Judge cited evidence relevant to his flight risk, as opposed to his dangerousness. Objections (docket no. 9 at 2, 4). Both arguments fail for the simple reason that Petitioner has not met his burden to show that collateral estoppel applies in

ORDER - 2

this case. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (concluding that the party asserting preclusion carries the burden of establishing all necessary elements).

Petitioner is correct that collateral estoppel applies to the agency's own "determination[s] of certain issues of law or fact involving the same alien," *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012), and to issues that were "already litigated in Article III courts" in a "final judgment on the merits," *Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011); but he fails to cite authority indicating that findings underlying a decision to release a criminal defendant before trial or at sentencing are necessary to decide a "final judgment on the merits." *See* Report and Recommendation (docket no. 8 at 9 & n.1); Reply (docket no. 11 at 1–2). Nor has Petitioner demonstrated that the issue decided by the district courts was "identical" to the one decided by the agency. As the Magistrate Judge explained, the government could more easily satisfy its burden to show Petitioner's dangerousness at the agency bond hearing because it was *not* required to show that "no conditions of release would mitigate any dangerousness," as required at the criminal proceedings. *See* Report and Recommendation (docket no. 8 at 9–10); *see* 18 U.S.C. § 3142. The BIA was not collaterally estopped from finding that Petitioner was a danger to the community.

**3.    Evidentiary or Due Process Challenge**

Petitioner also contends that the BIA's and the Magistrate Judge's "conclusion that there is clear and convincing evidence of [his] danger to the community is not based on a fair reading of the record," purportedly violating his due process rights. Objections

(docket no. 9 at 8); *see Hernandez v. Sessions*, 872 F.3d 976, 983 n.8 (9th Cir. 2017).[1] Petitioner, however, fails to point to any evidence that was overlooked or mischaracterized. *See* Objections (docket no. 9 at 8); *see also Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011); *Singh*, 638 F.3d at 1206. Nor does Petitioner persuasively challenge the conclusion that his cited authority is factually distinguishable, based on the serious nature of his convictions. *See* Report and Recommendation (docket no. 8 at 13–16). The BIA did not err in concluding that Petitioner was a danger to the community.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Court ADOPTS the Report and Recommendation, docket no. 8;

(2) Petitioner's habeas petition, docket no. 1, is DENIED, and this action is DISMISSED with prejudice; and

(3) The Clerk is directed to enter judgment consistent with this Order and to send a copy of this Order to all counsel of record and to Judge Peterson.

IT IS SO ORDERED.

Dated this 14th day of December, 2020.

THOMAS S. ZILLY
United States District Judge

---

[1] In light of the Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830, 846–48 (2018), the Ninth Circuit has since remanded the case to the district court, instructing it to reconsider the clear and convincing standard. *Rodriguez v. Marin*, 909 F.3d 252, 257 (9th Cir. 2018).

ORDER - 4