UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAVIER MARTINEZ,<br><br>                    Petitioner,<br><br>  v.<br><br>LOWELL CLARK, et al.,<br><br>                    Respondents. | C20-780 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Petitioner Javier Martinez's Motion for Reconsideration ("Motion"), docket no. 18, is DENIED. Petitioner is correct that 28 U.S.C. § 1915(b) does not apply. *See Agyeman v. INS*, 296 F.3d 871, 885–86 (9th Cir. 2002). In moving for reconsideration, however, Petitioner still fails to comply with the applicable requirements because he has not submitted *an affidavit* stating the nature of the appeal and his belief that he is entitled to redress. *See* 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). While these requirements may seem technical, Petitioner's, or his counsel's, lack of reasonable care in moving to proceed on appeal *in forma pauperis* demonstrates that reconsideration is not warranted in this case. *See* LCR 7(h). That is, there has been no "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." *Id*.

Nor is the Court persuaded that it manifestly erred in certifying that this appeal "is not taken in good faith," 28 U.S.C. § 1915(a)(3), as there is still little indication that Petitioner will present non-frivolous claims on appeal. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (explaining that "lack of 'good faith' in this context has been held to be equivalent to a finding of frivolity"). The Court has reviewed the four issues that Petitioner intends to raise on appeal, and his cited case law. *See* Motion (docket

MINUTE ORDER - 1

no. 18 at 2).  Nevertheless, it has not identified any authority that lends support to Petitioner's arguments that the agency gave mere "lip service" to the applicable evidentiary standard; erred in making a dangerousness finding based on the serious nature of Petitioner's convictions; or violated Petitioner's due process rights by failing to consider alternatives, or by overlooking or misrepresenting the record.  *See* Report and Recommendation (docket no. 8 at 10–16); Order (docket no. 12 at 3–4).

     (2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record and to the United States Court of Appeals for the Ninth Circuit.

     Dated this 5th day of February, 2021.

William M. McCool  
Clerk

s/Gail Glass  
Deputy Clerk

MINUTE ORDER - 2